```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


 UNITED STATES OF AMERICA,

    vs.
                                    Criminal No. 22-119
 SETH ALLEN AIKENS II,
           Defendant.


                          - - -


 Transcript of STATUS CONFERENCE/MOTION proceedings on
 February 21, 2024, in the United States District Court,
 700 Grant Street, Pittsburgh, Pennsylvania, 15219, before
 Judge W. Scott Hardy.


APPEARANCES:

  For the Government:    Gregory C. Melucci, Esq.


  For the Defendant:     Michael J. DeRiso, Esq.


  Court Reporter:        Amanda M. Williamson, RMR, CRR
                         U.S. Courthouse
                         700 Grant Street
                         Suite 5300
                         Pittsburgh, Pennsylvania 15219




     Proceedings recorded by mechanical stenography;
 transcript produced by computer-aided transcription.
```

```
1                    P R O C E E D I N G S
2              THE COURT:  Good afternoon, everybody.  Thank you for
3    your patience.  I understand there has been some scheduling
4    stuff going on in the building.
5              MR. DeRISO:  Thank you for your patience, as well.
6              THE COURT:  We're happy to oblige.  So we're here
7    this afternoon for a hearing on the motion to withdraw as
8    counsel in the United States of America versus Seth Allen
9    Aikens, II.  It's at Criminal No. 22-119.  Counsel, please
10   introduce yourselves for the record.
11             MR. MELUCCI:  Good afternoon again, Your Honor.
12   Gregory Melucci for the United States.
13             MR. DeRISO:  May it please the Court, Michael J.
14   DeRiso on behalf of Mr. Aikens.  Behind me is Jim Smith, who
15   is a complex litigation specialist with my firm.
16             THE COURT:  Good afternoon to both of you gentlemen.
17   I also note Mr. Aikens is also present with us this afternoon,
18   as well.
19             So by way of background and for purposes of the
20   record, I'll just outline that the defendant here is charged
21   in a 30-count indictment with the following:  17 counts of
22   wire fraud, 7 counts of mail fraud, and 6 counts of money
23   laundering.
24             The defendant made an initial appearance on May 24 of
25   2022, at which time he was released on a $50,000 unsecured
```

1    appearance bond.  On May 26 of 2022, Mr. DeRiso entered his
2    appearance as retained counsel on defendant's behalf.
3           The defendant was then arraigned on May 31, 2022 and
4    pled not guilty to the charges.  The defense has moved for and
5    has been granted a number of extensions of time to file
6    pretrial motions.  The current motion filing deadline is
7    approaching.  It's March 1, 2024.
8           On February 5 of this year, Mr. DeRiso filed a motion
9    to withdraw as counsel for the defendant.  That appears in the
10   docket at No. 36.  And as set forth in that motion after the
11   initial assessment of discovery, the defendant advised
12   Mr. DeRiso that he wished to proceed to trial.  However, the
13   defendant has been unable to satisfy counsel's quoted trial
14   fee.
15          And as the motion outlines, the situation is alleged
16   to have led to the deterioration of the attorney/client
17   relationship that's beyond repair, as represented in the
18   motion.  Thus, Mr. DeRiso requested he be permitted to
19   withdraw.
20          We've scheduled today's conference to address that
21   motion.  At this point, I would ask the clerk to please
22   administer the oath to the defendant.
23          MS. WOFFINGTON:  Please raise your right hand.
24       (The defendant was sworn.)
25          MS. WOFFINGTON:  Thank you.

1            THE COURT:  Mr. Aikens, do you understand that having
2   just declared and affirmed, your answers to my questions are
3   subject to the penalties of perjury or of making false
4   statements if you don't answer me truthfully?
5            THE DEFENDANT:  Yes, Your Honor.
6            THE COURT:  You may be seated.  Would you please
7   state your full name for the court's record.
8            THE DEFENDANT:  Seth Allen Aikens, II.
9            THE COURT:  How old are you?
10           THE DEFENDANT:  26; almost 27.
11           THE COURT:  Okay.  How far did you go in school?
12           THE DEFENDANT:  I graduated high school.
13           THE COURT:  Where?
14           THE DEFENDANT:  Union High School.
15           THE COURT:  And have you been able to communicate
16  with Mr. DeRiso without any barriers?  Do you have access to
17  him on the telephone, do you have access to him in person?
18  Whether you choose to talk is a different question.
19           THE DEFENDANT:  Yes, sir.
20           THE COURT:  You've been able to communicate with him
21  if you wanted to?
22           THE DEFENDANT:  I think the answer is a little bit
23  more complicated than that.
24           THE COURT:  Okay.  Well, we're going to have plenty
25  of time to talk about what the problems are.  I just want to

1   know, like, have you been able to communicate with him?  Does
2   the phone work?  Does the computer work?  Does visitation
3   work?
4           THE DEFENDANT:  I would say when we had scheduled
5   meetings, yes, I believe I was able to talk, yes.  I had his
6   personal cell phone number and Jim's, as well.  When I had a
7   concern, I would pass that text along.  But meeting time, you
8   know, with Mr. DeRiso, less than five hours between -- with
9   Jim, I would say approximately 10 hours.
10          THE COURT:  Mr. DeRiso, have you been able to
11  communicate with the defendant as needed?
12          MR. DeRISO:  Yes.
13          THE COURT:  Okay.  Mr. Aikens, are you currently
14  under the care of a physician, including that of a
15  psychiatrist?
16          THE DEFENDANT:  I have a normal doctor I go to once
17  in a while, but I haven't been to the doctor.  My dad is a
18  doctor, so I -- and no, I do not have a psychologist.
19          THE COURT:  Are you currently prescribed any
20  medications?
21          THE DEFENDANT:  No, sir.
22          THE COURT:  In the last 24 hours, have you consumed
23  any drugs of any type or alcohol?
24          THE DEFENDANT:  No, sir.
25          THE COURT:  Are you now or are you currently under

1    the care of a therapist, a psychologist, a social worker, or a
2    drug counselor?
3            THE DEFENDANT:  No, sir.
4            THE COURT:  Are you now or have you recently been
5    hospitalized or treated for alcohol or narcotic addiction?
6            THE DEFENDANT:  No, sir.
7            THE COURT:  Do you understand what's happening today?
8            THE DEFENDANT:  To an extent, yes.
9            THE COURT:  We're here to talk about the status of
10   your case and to address your attorney's motion to withdraw
11   from representing you; right?
12           THE DEFENDANT:  Yes, I understand.
13           THE COURT:  Right.  Okay.  Mr. DeRiso, do you have
14   any doubt as to the defendant's competence to participate in
15   today's hearing?
16           MR. DeRISO:  No, Your Honor, none.
17           THE COURT:  Mr. Aikens, based upon your appearance
18   and your demeanor, your responses to my questions, and
19   Mr. DeRiso's representations to the court, I find that you are
20   competent to meaningfully participate in today's proceedings.
21           So as I noted, we're here to address the motion to
22   withdraw.  But before we go there, since this is our first
23   time together in this case, I thought it would be helpful just
24   to have a brief conversation about the current status of the
25   matter.

1              So with that, Mr. Melucci, if you would, could you
2    just provide an overview of the government's case as it
3    relates to the defendant.
4              MR. MELUCCI:  Well, Your Honor, as the indictment
5    alleges, we've alleged that Mr. Aikens was involved in a
6    multi-victim fraud scheme by conning individuals out of money
7    and services that he allegedly provided to these persons.
8              Early on, we shared with Mr. DeRiso and Mr. Smith our
9    discovery, and I've had general conversations with DeRiso
10   since then, you know, about the status of the case and, you
11   know, his client's interests.
12             But I also most recently shared with him --
13   Mr. DeRiso asked me about a month or so back a general --
14   which is common -- a guideline calculation.  I provided that
15   to him, and he said he would get back to me.  And then, of
16   course, the motion was filed.
17             There is, Your Honor, a bit more discovery to provide
18   in terms of there is -- when we arrested the defendant and
19   seized electronic devices, we are still forensically examining
20   a couple of those devices.  That may take 45 to 60 days to get
21   those completely forensically examined, of course.  And we'll
22   turn those results over to defense counsel, whomever that may
23   be, promptly.
24             THE COURT:  Okay.  Well, thank you.
25             MR. MELUCCI:  But that's essentially where we are,

1    Your Honor.  We've not made any formal plea offers.  Always
2    ready, willing, and able to negotiate, but nothing formal yet.
3            THE COURT:  Thank you for that.  Mr. DeRiso, what's
4    the status of discovery from your perspective?
5            MR. DeRISO:  From my perspective, the paper --
6    there's not a whole lot of paper.  I believe what they've
7    turned over, our client has an exact replicate of what we
8    have.  Recently, the search warrant was missing.  Our client
9    indicated he wanted to see the search warrant.  It was still
10   sealed.  So Mr. Melucci unsealed it, provided it probably
11   within six hours of us asking; and we gave it to Mr. Aikens.
12           So at this point, we don't have any other forensic
13   data, and we have everything else, as represented by
14   Mr. Melucci.
15           THE COURT:  Is it your view or understanding that at
16   least everything that has been provided to you has been shared
17   with Mr. Aikens?
18           MR. DeRISO:  Yes.
19           THE COURT:  Okay.  Mr. Aikens, have you had an
20   opportunity to review the discovery that has been provided to
21   you through your attorneys?
22           THE DEFENDANT:  In the discovery, there's a few files
23   that I noted to Mr. DeRiso early on, and I have those
24   communications if you would like to view them in camera.
25           There's an Excel sheet that has approximately, I want

1  to say, 200 different files contained in it that Agent Fell
2  has linked to what's called a SharePoint server.  So you need
3  his log-in to view any of the information in there.
4          And then there was a -- I believe it's called a fraud
5  PROS report and an Excel spreadsheet that's locked, as well.
6  And I provided prompt notice to him early on for that.  But I
7  believe that I've viewed all the stuff with him, yes, sir.
8          THE COURT:  Okay.  Other than the pending motion, do
9  either of you have any other matters that you want to raise
10 while we're all together?
11         MR. MELUCCI:  Not from the United States, Your Honor.
12         MR. DeRISO:  No, Your Honor.
13         THE COURT:  Okay.  I'll note that the pretrial motion
14 filing deadline is March 1.  So it's quickly approaching.
15 From what I'm hearing, regardless of what happens to the
16 motion to withdraw, it sounds like there's more discovery
17 coming down the pike.
18         Mr. DeRiso, in light of that, are you interested in
19 making an oral motion to extend that deadline for the benefit
20 of Mr. Aikens?
21         MR. DeRISO:  So I'm going to talk to Mr. Aikens
22 first.  Based on a number of communications, he's not happy I
23 did it the first couple times.  Are you okay if I move to
24 extend time for the motions?
25         THE DEFENDANT:  Yes, Your Honor.  But I don't -- I

1    didn't express to him that I didn't agree with him on
2    extending pretrial motions.
3           MR. DeRISO:  I would move to extend time, at least
4    120 days, if that's appropriate, Your Honor.  And we would
5    waive any concerns with the Speedy Trial.
6           MR. MELUCCI:  No objection, Your Honor.
7           THE COURT:  Mr. Aikens, do you understand that the
8    time that's being requested is for your benefit so that you
9    gain the benefit of additional discovery that's coming, and
10   perhaps you may have a new lawyer that needs to get up to
11   speed, and 120 days would give you additional time to evaluate
12   all of those things?
13          THE DEFENDANT:  Yes, Your Honor.
14          THE COURT:  Okay.  And you consent to the request by
15   Mr. DeRiso to ask for this extension?
16          THE DEFENDANT:  Yes, Your Honor.
17          THE COURT:  Very well.  Upon consideration of
18   defendant's oral motion for extension of time to file pretrial
19   motions and the government not objecting to it, it's ordered
20   that said motion is granted.  The defendant's pretrial motions
21   must be filed within 120 days of today.
22          It's further ordered that the extension of time
23   caused by this continuance is deemed excludable delay under
24   the Speedy Trial Act.  The court finds that the ends of
25   justice served by granting this continuance outweigh the best

1       interest of the public and the defendant in a speedy trial for
2       the reasons that have just been expressed here at the hearing.
3                   Failure to grant such an extension would deny counsel
4       reasonable time necessary for effective preparation and
5       continuity of counsel, taking into account the exercise of due
6       diligence; and the court will also enter a written order to
7       that effect, as well.
8                   MR. DeRISO:  Thank you, Your Honor.
9                   THE COURT:  At this point, I'm going to take up the
10      motion.  I'm going to ask Mr. Melucci to step out of the
11      courtroom so there's no inadvertent disclosure of any
12      attorney/client privileged communications.
13          (Sealed sidebar discussion held.)
14          (Sealed sidebar discussion concluded.)
15                  THE COURT:  Thank you for your patience, Mr. Melucci.
16      Ms. Woffington just stepped out.  She's going to go bring one
17      of the forms for seeking court-appointed counsel for
18      Mr. Aikens to complete.
19                  I've had an opportunity to discuss matters between
20      Mr. DeRiso and Mr. Aikens in camera and have concluded that
21      there is good grounds to permit Mr. DeRiso to withdraw.  That
22      being said, I'm going to not let him out until new counsel has
23      been appointed.  Mr. Aikens is going to complete the
24      application or affidavit process to determine his
25      qualifications for court-appointed counsel, and then we'll do

1   that.

2           Now, Mr. Aikens, understand that that process does
3   take a little bit of time.  What they have to do is make sure
4   that the people that would potentially represent you don't
5   have conflicts of interest.  So they have to go through that
6   conflict-checking process.  And then you also have to complete
7   that affidavit, which we're going to give you here in a
8   minute.

9           THE DEFENDANT:  Understood, Your Honor.

10          THE COURT:  We'll go from there.  So with that in
11  mind, Mr. Melucci, anything that you would like to --

12          MR. MELUCCI:  No, Your Honor.  The only thing I would
13  just ask is just to confirm that at this point, aside from the
14  completion of the forensic devices, forensic review of the
15  devices, that Mr. Aikens has all the discovery so that new
16  counsel will know that he has it.

17          THE COURT:  That's my understanding from what you've
18  told me.  Right, Mr. Aikens?  You have everything that you
19  think they provided to you?

20          THE DEFENDANT:  No.

21          MR. DeRISO:  We have it electronically.  We'll just
22  give our file to new counsel.

23          THE DEFENDANT:  No, Your Honor.  As I had mentioned,
24  there was that spreadsheet that contains the files within,
25  which I think we should be entitled to review those.

1   THE COURT: Mr. Melucci, what I think I understand
2  here is there are some electronic files that he has, but he
3  doesn't have total access to subfiles, perhaps.
4   MR. MELUCCI: All right. Maybe what he can do is
5  when new counsel is appointed, to advise new counsel what it
6  is that he cannot get access to.
7   THE COURT: Can you do that?
8   THE DEFENDANT: Understood, Your Honor, yes.
9   MR. MELUCCI: Then I'll make arrangements so that he
10  can get that.
11   THE COURT: That's good. And then, Mr. DeRiso, I
12  trust that your firm's files for Mr. Aikens will be, you know,
13  sent on to new counsel.
14   MR. DeRISO: Without hesitation, Your Honor.
15   THE COURT: Understood. Okay. Just give us all one
16  more minute. Ms. Woffington will be back with a piece of
17  paper. It might make sense for you just to do it right here.
18   THE DEFENDANT: Understood, Your Honor.
19   THE COURT: That way, there's no slippage of time or
20  difficulties in getting that completed and submitted.
21   THE DEFENDANT: Your Honor, if I -- I know on the
22  CJA-23, it asked for the bank account balance. If doing it
23  now, is just an approximate -- within a $100, $200 range is
24  appropriate to fill out on that?
25   THE COURT: Do it to the best of your ability.

1           THE DEFENDANT:  Understood, Your Honor.

2           MR. DeRISO:  Does the court need me here?  I'm just
3    asking.

4           THE COURT:  I think we're just going to be two
5    minutes.

6         (Off the record discussion.)

7           MR. DeRISO:  Judge, since there's a lis pendens on
8    his home and some of his vehicles, I think I'm going to ask
9    the court that he be permitted to put zero since he can't sell
10   it.

11          THE COURT:  That would be fine or notate that there's
12   a lien on it that encumbers him.

13          MR. MELUCCI:  And is subject to criminal forfeiture.

14        (Off the record discussion.)

15          MS. WOFFINGTON:  Thank you.

16          THE COURT:  Mr. Aikens, the contents contained on
17   here are true and accurate to the best of your knowledge,
18   information, and belief?

19          THE DEFENDANT:  Yes, sir.  Yes, Your Honor.  Sorry.

20          THE COURT:  Okay.  So we will -- we'll submit this to
21   the Federal Public Defender to identify somebody to represent
22   you.  As I mentioned, that process could take a few days.
23   Once a new lawyer is identified, and I will make that
24   appointment at that point, Mr. DeRiso, I'll grant your motion
25   at that juncture --

15

1      MR. DeRISO:  Thank you, Your Honor.

2      THE COURT:  -- and let you out.  So, Mr. Aikens, just
3 as a reminder, it's your duty to maintain communications and
4 cooperation with your new attorney.  So it's my expectation
5 that you do that with your court-appointed attorney.

6      I'm also going to make the appointment on the
7 condition of the proviso that if it's ultimately determined
8 that you can afford to pay your attorney, that you may be
9 required to reimburse the government for that.  Understood?

10     THE DEFENDANT:  Understood, Your Honor.

11     THE COURT:  Okay. Very well.  Mr. Melucci, anything
12 further that you would like to place on the record?

13     MR. MELUCCI:  No, Your Honor.

14     THE COURT:  Mr. DeRiso?

15     MR. DeRISO:  No, Your Honor.  Thank you.

16     THE COURT:  Thank you.  Okay.  Well, we are
17 adjourned.  Good luck to you all.

18     (Court was adjourned.)

19

20

21

22

23

24

25

C E R T I F I C A T E

I, AMANDA M. WILLIAMSON, RMR, CRR, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled case.

_\s\ Amanda M. Williamson_

AMANDA M. WILLIAMSON, RMR, CRR

Official Court Reporter