UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SETH AIKENS,<br><br>Defendant. | Criminal No. 2:22-CR-118<br><br>Filed Electronically |

### MOTION FOR A *FRANKS* HEARING

And now, comes the Defendant, Seth Aikens, by and through Counsel, Frank C. Walker II, Esquire, and FrankWalkerLaw, and moves the Court for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 155 (1978), and in support thereof, averring as follows:

**I. BACKGROUND**

1. Seth Aikens ("Mr. Aikens" hereinafter) was named in an indictment at the above captioned Criminal Number, with counts 1 through 17 for wire fraud, counts 18 through 24 for mail fraud, and counts 25 through 30 for money laundering.

1. Mr. Aikens has entered a plea of NOT GUILTY.

2. On or about May 23, 2022, an affidavit in support of the search of 60 Rocky Grove Lane, in Crown, Pennsylvania 16220, and including the following: (1) a two story residence, (2) a detached garage, (3) a detached barn, (4) an enclosed box trailer, (5) a GMC pickup truck, (6) a Mercedes Benz sedan, (7) a dark colored pickup, (8) a large metal cargo container, and (9) all electronic devices contained therein. [Doc. 2, p.1].

3. While the Government specifically asserted facts that relevant evidence would be found in the residence and electronic devices therein, it *did not* assert or provide any facts which would suggest evidence would be found in (1) the detached garage,

    (2) the detached barn, (3) the enclosed box trailer, (4) any vehicle, (5) the large metal cargo container, or (6) the enclosed box trailer. [Doc. 2].

4. For example, in paragraph 76, the affiant asserted individuals involved in this type of illegal activity maintain records and those are stored at their residence; however, no statements, evidence, assertions, or the like were presented which suggest evidence would be discovered at the other sought-after locations. [Doc. 2, ¶ 76].

5. Mr. Aikens avers that the Government allegedly obtained evidence in support of the charges in the superseding indictment resulting from the execution of warrant(s), which were granted after the showings set forth in the aforementioned affidavits.

6. Mr. Aikens contends that each affidavit authorized a search within the purview of the Fourth Amendment of the United States Constitution, thus requiring a requisite showing of probable cause prior to its issuance.

7. Mr. Aikens further contends each affidavit was legally deficient as it lacked probable cause and contained reckless misstatements of fact and material misrepresentations.

## II. LEGAL STANDARD

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. amend. IV*. It further provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." *Id.*; *see also United States v. Christine*, 687 F.2d 749, 752 (3d Cir. 1982). Evidence obtained in violation of the Fourth Amendment

is not admissible at trial. *See, e.g., Herring v. United States*, 555 U.S. 135, 139-40, (2009) (explaining history of exclusionary rule). "The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas v. Illinois*, 439 U.S. 128, 130 n.1, (1978).

### A. Probable Cause

In issuing a search warrant based upon probable cause, a magistrate must determine that there is a "fair probability that . . . evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, (1983) (citing *United States v. Jones*, 362 U.S. 257, 271 (1960)). The warrant must also describe the things to be seized with sufficient particularity and be "no broader than the probable cause on which it is based." *United States v. Weber*, 923 F.2d 1338, 1342 (9th Cir. 1991).

Although the Fourth Amendment's probable cause requirement "does not depend on the elimination of all innocent explanations for a situation," Courts must consider the "existence of countervailing probabilities" as part of their probable cause analysis. *United States v. Jackson*, 415 F.3d 88, 94 (D.C. Cir. 2005). Otherwise, nothing would prevent the government from presenting only the "most incriminating interpretation of the circumstances" and thereby depriving the magistrate of the opportunity to weigh the likelihood that contraband or evidence will be found against the likelihood that contraband is absent. *Id.* at 94–95.

### B. *Franks* Hearing

As this Court is well aware, the seminal case concerning false statements and material misrepresentations in an affidavit is *Franks v. Delaware*, 438 U.S. 154, (1978). In *Franks*, the Court reasoned:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Id.* at 155-56.

If a defendant can make a "substantial preliminary showing" to overcome the affidavit's presumption of validity, the defendant must ultimately prove, by a preponderance of the evidence, that the affiant's statements were material to a finding of probable cause and were made knowingly and intentionally, or with reckless disregard for the truth. *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997) (citing *Franks*, 438 U.S. at 171-72).

If the defendant meets this burden, "the Fourth Amendment requires that . . . the fruits of the search [must be] excluded to the same extent as if probable cause was lacking on the face of the affidavit." *United States v. Frost*, 999 F.2d 737, 743 (3d Cir. 1993) (quoting *Franks*, 438 U.S. at 156).

To make a substantial preliminary showing, a defendant must raise "allegations of deliberate falsehood or of reckless disregard for the truth . . . accompanied by an offer of proof." *Franks*, 438 U.S. at 171. The Third Circuit has set out a standard "to identify what constitutes 'reckless disregard for the truth' regarding both misstatements and omissions." *United States v. Yusuf*, 461 F.3d 374, 383-84, (3d Cir. 2006). "In evaluating a claim that an officer both asserted and omitted facts with reckless disregard for the truth, we hold that: (1) omissions are made with reckless disregard for the truth when an officer recklessly omits facts that any reasonable person would know that a judge would want to know; and (2) assertions are made with reckless disregard for the truth when an officer

has obvious reasons to doubt the truth of what he or she is asserting." *Wilson v. Russo*, 212 F.3d 781, 787 (3d Cir. 2000) (citations omitted).

### III. ARGUMENT

Here, each affidavit contains various misstatements and material omissions that render the same invalid. Mr. Aikens offers the following as a substantial preliminary showing that the affidavits contain false statements, omissions or were made with reckless disregard for the truth. *Yusuf*, 461 F.3d at 383.

First, the affiant's statements, and the lack thereof were material to a finding of probable cause. The affiant clearly indicated the scope of the search warrant as not just the residence, but also (1) the detached garage, (2) the detached barn, (3) the enclosed box trailer, (4) 3 vehicles, (5) the large metal cargo container, and (6) the enclosed box trailer. [Doc. 2]. In addition, the affiant made clear assertions as to the probable cause regarding the residence and electronic devices therein, but notably included no assertions regarding these other places to be searched. [Doc. 2]. The entirety of the information in the affidavit, including representations made both explicitly and implicitly are material because it persuaded the magistrate to granting the warrant.

Second, the statements were made with a reckless disregard for the truth. This truth plainly follows from the nature of the affidavit and the lack of information contained therein. While the affiant asserted facts to find evidence in the residence, the multiple other places sought to search had no such information. To apply for a search warrant and assert there is probable cause to search a particular place and include no information as to where the probable cause to believe such a statement arises from is precisely the "reckless disregard for the truth" contemplated by *Franks* and its progeny. Nothing in the

law or this standard provides that just because evidence is found in a location means there was probable cause; no, in-fact probable cause is based on the facts before the judge issuing the search warrant. *United States v. Berry*, 132 Fed. Appx. 957, 961 (3d Cir. 2005) (*citing United States v. Jones*, 994 F.2d 1051, 1055 (3d Cir. 1993)).

Regardless of the finding after-the-fact, to assert there is probable cause to search any of these places without sufficient facts is made with a reckless disregard for the truth. As held in *Wilson*, omissions are made with reckless disregard for the truth when the officer would know that a judge would want to know those exact facts. Here, any reasonable person would know that a judge would want to know the facts which provide reasons why evidence of the crime would be found in the other listed places. Any sort of information, such as the affiant's personal experiences, other officer's anecdotes, prior investigations, empirical date; nevertheless, no such assertions were made. Accordingly, the omission of any facts is plainly a reckless disregard for the truth.

Therefore, as the statements, and omissions, were material to a finding of probable cause, and the omissions were made with a reckless disregard for the truth, the affidavit and warrant were invalid.

### A. The Good-Faith Exception to the Exclusionary Rule Does not Apply

Under the good faith exception to the warrant requirement, evidence obtained from a subsequently invalidated search warrant will be suppressed only if "the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *United States v. Leon*, 468 U.S. 897, 926 (1984).

This exception does not apply in the following limited circumstances: (1) "the magistrate . . . was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; (2) the magistrate acted as a rubber stamp for the officers and so "wholly abandoned" his detached and neutral "judicial role"; (3) "an affidavit [is] so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or (4) "a warrant [is] so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *Id.* at 922–23.

Here, one of the foregoing exceptions apply in this case: The magistrate judge "was misled by information in an affidavit that the affiant knew was false or would have known was false except for [her] reckless disregard for the truth." *Leon*, 468 U.S. at 923 (citing *Franks v. Delaware*, 438 U.S. 154 (1978)).

### IV. CONCLUSION

**WHEREFORE**, Defendant, SETH AIKENS, respectfully moves this Honorable Court for a *Franks* Hearing in this matter.

Respectfully Submitted,

*/s/ Frank C. Walker II*
Frank C. Walker II
PA I.D. No. 94840
FrankWalkerLaw
3000 N. Lewis Run Road
Clairton, PA 15025
412.405.8556 Office
412.202.9193 Fax

Date:  February 3, 2025

Counsel For *Seth Aikens*