UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SETH AIKENS,<br><br>Defendant. | Criminal No. 2:22-CR-119<br><br>Filed Electronically |

**FORMAL MOTION FOR DISCOVERY**

And now, comes the Defendant, Seth Aikens, by and through Counsel, Frank C. Walker II, Esquire, and FrankWalkerLaw, and files this *Formal Motion for Discovery* pursuant to *Fed.R.Crim.P. 12(d)(2)*, *16(a)*, and *26.2*, as well as pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and all other applicable rules and statutes, and in support thereof, avers as follows:

1. Seth Aikens ("Mr. Aikens" hereinafter) was named in a superseding indictment at the above captioned Criminal Number, with counts 1 through 17 for wire fraud, counts 18 through 24 for mail fraud, and counts 25 through 30 for money laundering.

2. Mr. Aikens has entered a plea of NOT GUILTY.

3. Mr. Aikens requests pretrial discovery of the following:

   a. **Documents and Materials -** Mr. Aikens is entitled to any and all documents and materials relating to each individual count of the indictment which the Government intends to offer in its case in chief or that would be material to the preparation of the defense or that was obtained from the Defendant. *See Fed.R.Crim.P. 16(a)(1)* et seq.

b. **The Defendant's Statements** - Under *Fed.R.Crim.P. 16(a)(1)(A)*, Mr. Aikens is entitled to disclosure of all copies of any written or recorded statements he made; the substance of any statements made by Mr. Aikens that the Government intends to offer in evidence at trial; any response by Mr. Aikens to interrogation; the substance of any oral statements that the Government intends to introduce at trial, and any written summaries of Mr. Aikens's oral statements contained in the handwritten notes of any Government agent; any response to any Miranda warning that may have been given to Mr. Aikens . *See U.S. v. McElroy*, 697 F.2d 459 (2d Cir. 1982)); *Clewis v. Texas*, 386 U.S. 707, 712, n. 8 (1967); *United States v. Curry*, 278 F.Supp. 508, 514 (N.D. Ill. 1967); any other statements by Mr. Aikens that are discoverable under *Fed.Crim.P. 16(a) (1)(A)*; any and all written statements of Mr. Aikens made to persons who are not government agents. *See United States v. Caldwell*, 543 F.2d 1333 (D.C. Cir. 1974) cert. denied 423 U.S. 1087 (1976); any and all co-conspirators statements which the Government intends to introduce at trial where these statements would be attributable to Mr. Aikens under *Fed.R.Evid. 801(d)(2)(E), see United States v. Agnello*, 367 F.Supp. 444, 448 (E.D.N.Y. 1973); *United States v. Mays*, 460 F.Supp. 573, 581 (E.D. Tex. 1978);

c. **Arrest Reports, Notes and Dispatch Tapes** - Mr. Aikens also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, be turned over. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Aikens or any other

discoverable material is contained. This is all discoverable under *Fed.R.Crim.P. 16(a)(1)(A)* and *Brady v. Maryland*, 373 U.S. 83 (1963). See also *Louz v. U.S.*, 389 F.2d 911 (9th Cir. 1968); *U.S. v. Johnson*, 525 F.2d 999 (2d Cir. 1975); *U.S. v. Lewis*, 511 F.2d 798 (D.C.Cir. 1975); *U.S. v. Pilnick*, 267 F.Supp. 791 (S.D.N.Y. 1967). Arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports about Mr. Aikens are available under *Fed.R.Crim.P. 16(a)(1)(B)* and *8*, *Fed.R.Crim.P. 26.2* and *12(i)*. Preservation of rough notes is specifically requested, whether or not the Government deems them discoverable at this time;

d. **Reports of Scientific Tests or Examinations** - Pursuant to *Fed.R. Crim.P. 16(a)(1)(D)*, Mr. Aikens requests the reports of all tests and examinations conducted upon the evidence in this case, including but not limited to any fingerprint analysis, that is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government, which are material to the preparation of the defense or which are intended for use by the Government as evidence at trial;

e. **Prior Criminal Records** - Mr. Aikens requests that the Government provide a copy of Defendant' 's prior criminal record, as within possession, custody or control of the Government. *See Fed.R.Crim.P. 16(a)(1)(B)*; In addition, Mr. Aikens requests the criminal records, if any, of any co-defendants and co-conspirators whether they be charged in the present indictment or not; *See United States v. Curry*, 278 F.Supp. 508 (N.D. Ill. 1967);

f. **Brady Material** - Mr. Aikens requests all documents, statements, agents' reports, and tangible evidence favorable to Mr. Aikens on the issue of guilt and/or which affects the credibility of the Government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence favorable to the accused. *U.S. v. Bagley*, 473 U.S. 667 (1985); *U.S. v. Agurs*, 427 U.S. 97 (1976);

g. **Evidence Seized** - Evidence seized because of any search, either warrantless or with a warrant, is discoverable under *Fed.R.Crim.P. 16(a)(1)(C)* and is now requested;

h. **Request for Preservation of Evidence** - Mr. Aikens specifically requests that all videotapes, dispatch tapes, or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government and which relate to the arrest or the events leading to the arrest in this case be preserved;

i. **Tangible Objects** - Mr. Aikens requests, under *Fed.R.Crim.P. 16(a)(2)(C)*, the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including alleged contraband, photographs, books, papers, documents, buildings, automobiles, or places, or copies, depictions, or portions thereof which are material to the defense or intended for use in the Government's case-in-chief, or were obtained for or belong to Defendant;

j. **Information Regarding Informants and Cooperating Witnesses** - Mr. Aikens requests that the Government provide all relevant information

concerning any informants or cooperating witnesses involved in this case. At a minimum, the Government is obligated to disclose the identification and location of any informants or cooperating witnesses, as well as the identity and location of any other percipient witnesses unknown to Defendant. *Roviaro v. U.S.*, 353 U.S. 53 (1957);

k. **Evidence of Bias or Motive to Lie** - Mr. Aikens requests any evidence that any prospective Government witness is biased or prejudiced against Mr. Aikens or has a motive to falsify or distort his or her testimony. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988);

l. **Impeachment Evidence** - Mr. Aikens requests any evidence that any prospective Government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to Defendant. *See Fed.R.Evid. 608*, *609* and *613*. Such evidence is discoverable under *Brady*, 373 U.S. at 83. *See U.S. v. Strifler*, 851 F.2d 1197 (9th Cir. 1988) (witness's prior record); *Thomas v. U.S.*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility); Any and all prior contrary statements given by a prosecution witness, *Giles v. Maryland*, 386 U.S. 66 (1967); Any and all specific evidence which detracts from the credibility or probative value of testimony or evidence intended to be used by the prosecution, *see Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965); *United States v. McCrane*, 537 F.2d 906 (3rd Cir. 1975) reaffirmed on remand, 547 F.2d 204 (3rd Cir. 1978);

m. **Evidence of Criminal Investigation of Any Government Witness** - Mr. Aikens requests any evidence that any prospective witness is under investigation by federal, state, or local authorities for any criminal conduct. U.S. v. Chitty, 760 F.2d 425 (2d Cir. 1985);

n. **Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling** - The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, any evidence that a witness has ever used narcotics or other controlled substances, or has ever been an alcoholic or any other evidence showing lack of competency or impartiality. *See Giglio v. United States*, supra; *United States v. Fowler*, 465 F.2d 64 (D.C. Cir. 1972); *U.S. v. Strifler*, 851 F.2d 197 (9th Cir. 1988); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980);

o. **Government Witnesses** - Mr. Aikens requests a list of all the Government witnesses who are anticipated or who might be called at trial; *See United States v. Richter*, 488 F.2d 170 (9th Cir. 1973); see also *United States v. Addinizio*, 451 F.2d 49 (3rd Cir. 1971) rehearing denied 404 U.S. 1048 (1972); *United States v. McCrane*, *supra*.;

p. **Names of Witnesses Favorable to** Mr. Aikens - Mr. Aikens requests that names and addresses of any witnesses who have made an arguably favorable statement concerning Defendant, including negative exculpatory statements (statements of informed witnesses that do not mention Defendant) or are otherwise favorable to the defense. *Jackson v. Wainwright*, 390 F.2d 299 (5 th

Cir. 1968); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980); *Boone v. Jago*, 575 F.2d 1164 (6th Cir. 1978) cert. denied, 439 U.S. 833 (1978); *Hudson v. Blackburn*, 601 F.2d 785 (5th Cir. 1979); *United States v. Wilkins*, 326 F.2d 135 (2nd Cir. 1964);

q. **Statements Relevant to the Defense** - Mr. Aikens requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. *U.S. v. Bailleaux*, 685 F.2d 1105 (9th Cir. 1982). This includes in particular any statements by percipient witnesses;

r. **Jencks Act Material** - The defense requests all material to which Mr. Aikens is entitled pursuant to the *Jencks Act, 18 U.S.C. § 3500*, and *Fed.R. Crim.P. 26.2*. Mr. Aikens specifically requests pretrial production of these statements so that the Court may avoid unnecessary recesses and delays for defense counsel to properly use any Jencks statements and prepare for cross-examination;

s. **Giglio Information** - Mr. Aikens requests all statements and/or promises of immunity or favorable treatment, express or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information that could arguably be used for the impeachment of any Government witnesses. *See Giglio v. United States*, 405 U.S. 150 (1972) and *United States v. McCrane*, 537 F.2d 906 (3rd Cir. 1975) reaffirmed on remand, 547 F.2d 204 (3rd Cir. 1976);

t. **Government Examination of Law Enforcement Personnel Files** - Mr. Aikens requests that the Government examine the personnel files and any

other files within its custody, care or control, or which could be obtained by the Government, for all testifying witnesses, including testifying officers and agents. Mr. Aikens requests these files be reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *U.S. v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). *See also U.S. v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992);

u. **Expert Witnesses** - Pursuant to *Fed.R.Crim.P. 16(a)(1)(G)*, Mr. Aikens requests disclosure of the identities, qualification, and testimony of any expert witnesses the Government intends to call at trial.

4. In addition to these general discovery requests, Mr. Aikens also requests copies of any and all UNREDACTED applications for electronic, in-home intercepts, with supporting affidavits and orders.

**WHEREFORE**, Defendant, Seth Aikens, prays that this Honorable Court enter an Order directed the attorney for the Government to turn over to him, and his Counsel, all the information requested herein, as well as any and all information which could be deemed exculpatory within the above-cited authorities.

Respectfully Submitted,

*/s/ Frank C. Walker II*
Frank C. Walker II

PA I.D. No. 94840
WV I.D. No. 11853

FrankWalkerLaw
3000 N. Lewis Run Road

                                                    Clairton, PA 15025  
                                                    412.405.8556 Office  
                                                    412.202.9193 Fax

Date: February 3, 2025                                    Counsel for Seth Aikens